**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SUKENA HAWKINS** | : | |
| ***Plaintiff,*** | : | |
| | : | |
| **v.** | : | **CIVIL NO. 26-7754** |
| | : | |
| **BOBS DISCOUNT FURNITURE, et al.,** | : | |
| ***Defendants.*** | : | |

# MEMORANDUM

**KENNEY, J.** **November 3, 2026**

On July 10, 2026, Plaintiff Sukena Hawkins initiated this personal injury lawsuit by filing a Complaint in the Court of Common Pleas of Philadelphia County for one count of Negligence. *See* ECF No. 7-4. On October 8, 2026, Defendant Bob's Discount Furniture, LLC (the "Defendant") removed the action to federal court.[1] *See* ECF No. 1. Plaintiff has now moved to remand the action to state court (the "Motion") on the sole ground that removal is untimely. *See* ECF No. 7 For the reasons set forth below, the Court will **DENY** Plaintiffs' Motion (ECF No. 7).

## I. DISCUSSION

Federal district courts are "courts of limited jurisdiction and generally can resolve only the cases that Congress grants them power to hear." *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 424 (2026); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Congress has granted district courts jurisdiction over diversity cases—that is, suits between "citizens of different States" over any matters that are valued at more than $75,000, exclusive of

[1] Plaintiff's Complaint also named Bob's Discount Furniture and Bob's Discount Furniture, Inc. as corporate entities. Attorneys for Defendant Bob's Discount Furniture, LLC have represented that the aforementioned are not corporate entities and that the proper corporate entity is Bob's Discount Furniture, LLC. ECF No. 1 at 1 n.1.

interest and costs. *See* 28 U.S.C. § 1332(a)(1). The amount in controversy requirement "ensure[s] that diversity jurisdiction does not flood the federal courts with minor disputes." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Neither Party alleges that the Court does not have subject matter jurisdiction over the present action under 28 U.S.C. § 1332(a)(1). The sole question before the Court is whether Defendant's removal is timely. ECF No. 7 ¶¶ 8–9.

Indeed, lawsuits originally brought in state court may be removed to federal court pursuant to the provisions of the federal removal statutes, 28 U.S.C. §§ 1441 and 1446. Particularly, "[t]he removal statute sets deadlines by which a defendant may remove a case from state to federal court." *McLaren v. UPS Store Inc*, 32 F.4th 232, 234 (3d Cir. 2022). When "the initial pleading does not disclose the existence of federal jurisdiction, a separate provision [of the removal statute] permits removal within thirty days of the date on which a defendant receives an . . . other paper that discloses federal jurisdiction." *Id.*; *see also* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of . . . other paper from which it may first be ascertained that the case is one which is or has become removable.").

Defendant removed this action from Pennsylvania state court to federal court in accordance with 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b)(3). *See* ECF No. 1 ¶ 7. In its Notice of Removal, Defendant explained that it was not on notice that this case was removable based on Plaintiff's Complaint, which only specified that she sought damages "in an amount excess of Fifty Thousand ($50,000.00) Dollars and in excess of the arbitration limit of this court." *Id.* ¶¶ 4, 12. In response to the Complaint, Defendant filed an Answer with New Matter. *Id.* ¶ 5. "In its New Matter, Bob's Discount Furniture alleged that '[p]laintiff is not seeking damages in excess of $75,000.'" *Id.* ¶ 6. However, on September 28, 2026, Plaintiff filed a Reply to New Matter where

she denied this allegation and first disclosed that "Plaintiff's damage [sic] include economic and non-economic damages which are in excess of $75,000.00." *Id.* ¶ 7. On October 8, 2026, Defendant removed this action stating as grounds for removal that "less than thirty days have passed since Bob's Discount Furniture was served with Plaintiff's 'other paper'." *Id.* ¶ 10 (referencing the language of 28 U.S.C. § 1446(b)(3)). Defendant's October 8, 2026 removal is timely in regard to Plaintiff's September 28, 2026 Reply to New Matter under 28 U.S.C. § 1446(b)(3) (permitting thirty days after receipt of the "other paper from which it may first be ascertained that the case is one which is or has become removable" for timely removal).

However, Plaintiff's argue that removal is not timely because Defendant could have removed based on the Complaint, pursuant to 28 U.S.C. § 1446(b)(1). Courts have found that a Complaint "need not state a dollar amount to put a defendant on notice that the amount in controversy exceeds $75,000." ECF No. 7 (quoting *Berry v. Wal-Mart Stores, E., L.P.*, 585 F. Supp. 3d 671, 676 (E.D. Pa. 2022)). The Court agrees that a specific dollar amount is not required. *Id.* However, "the statutory clock in (b)(1) is not triggered unless the document informed the reader, ***to a substantial degree of specificity***, that all the elements of federal jurisdiction are present." *Shelton v. Home Depot, Inc.*, No. CV 25-16375, 2025 WL 3677630, at *3 (D.N.J. Dec. 18, 2025) (quoting *McLaren*, 32 F.4th at 236) (emphasis added) (internal quotation marks omitted).

In the Complaint, Plaintiff alleges that "she was caused to suffer injury when a bed/mattress she was sitting on collapsed." ECF No. 1-3 ¶ 12. As a result, Plaintiff alleges that she "suffered severe shock to her nervous system, great physical pain, and mental anguish." *Id.* ¶ 17. Plaintiff does not plead any facts related to her specific damages sought, but she does assert that she "has been compelled to expend and will be required to expend various sums of money for medication and medical attention." *Id.* ¶ 18. Plaintiff further alleges that she "may in the future continue to

incur unreimbursed wage loss and medical expenses . . . [and] plaintiff may have suffered a permanent disability and a permanent impairment of her earning power and capacity." *Id.* ¶¶ 19–21. In her Motion to Remand, Plaintiff claims that "defendants could have reasonably and intelligently concluded" from these facts "that the case was removeable." ECF No. 7 ¶ 7. Plaintiff concludes that the above "facts clearly put defendants on notice that the amount in controversy exceeded $75,000.00." *Id.*

The Court disagrees. All of these allegations "are general and expressly qualified . . . [T]he Complaint does not identify any treatment Plaintiff has received or will need. Nor does the Complaint allege any surgery, any specific prognosis, any amount of medical expense, or any wage loss amount." ECF No. 12-2 at 2. These allegations do not amount to "a clear statement of the damages sought or . . . sufficient facts from which damages can be readily calculated." *McLaren*, 32 F.4th at 237 (quoting *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 69 (1st Cir. 2014)). Nor does the Complaint "affirmatively reveal[] on its face that [Plaintiff] is seeking damages in excess of the minimum jurisdictional amount." *Id.* (quoting *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013)). "Because the four corners of [the] complaint Defendant[] received did not provide facts from which they could ascertain federal subject matter jurisdiction, the (b)(1) clock never began to run." *Id.* at 238.

Because Defendant did not have notice as to removability until the Plaintiff's Reply to New Matter was filed on September 28, 2026, Defendant's removal is timely on October 8, 2026, pursuant to 28 U.S.C. § 1446(b)(3). Accordingly, the Court will deny Plaintiffs' Motion (ECF No. 7) because Defendant's removal was timely upon receipt of the "other paper" which gave notice to Defendant that this action was removable.

## II. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion (ECF No. 7). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**